IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KAI INGRAM,                              :
        Petitioner,                  :        1:12-cv-1900
                                    :
        v.                           :        Hon. John E. Jones III
                                    :
DEBRA SAUERS, *et al.*,                  :
        Respondents.                 :

## MEMORANDUM

## April 10, 2015

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Petitioner, Kai Ingram, an inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Ingram challenges his 2007 conviction imposed by the Luzerne County Court of Common Pleas for multiple charges of aggravated assault and firearms offenses.  (*Id.*).  For the reasons that follow, the habeas petition will be denied.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The following factual and procedural background has been extracted from the Pennsylvania Superior Court's November 10, 2010 Memorandum Opinion

remanding the case to the PCRA[1] court for further proceedings.[2]

The charges giving rise to Ingram's convictions arose out of the May 14, 2006 shooting of two people in Luzerne County, Pennsylvania. At trial, Ingram was positively identified as the shooter by both victims and three eyewitnesses. The Commonwealth also presented physical evidence tying Ingram to the shooting. At the close of trial on May 2, 2007, the jury found Ingram guilty of four counts of aggravated assault and one count of firearms not to be carried without a license. At the close of trial, the court also granted defense counsel's request to sever the charge of persons not to possess firearms. 18 Pa.C.S.A. § 6105. On June 11, 2007, the court sentenced Ingram to 12½ to 25 years' imprisonment. The Commonwealth proceeded to trial on the charge of persons not to possess firearms on September 6, 2007, after which the jury found Ingram guilty. On that day, the court sentenced Ingram to 4 to 8 years' imprisonment to be served consecutively to his June 11, 2007 sentence.

On February 20, 2008, this Court affirmed Ingram's judgment of sentence. *See Commonwealth v. Ingram*, No. 1155 MDA 2007 (Pa. Super. filed February 20, 2008) (unpublished memorandum). On March 24, 2008, Ingram filed a *pro se* PCRA petition. By order dated April 1, 2008, Attorney Paul Galante was appointed as PCRA counsel. Attorney Galante filed a brief in support of Ingram's PCRA petition. The court held a hearing on August 27, 2008, at which Attorney Galante cross-examined each of Ingram's four previous attorneys regarding their respective representation in this case. The PCRA court subsequently denied Ingram's petition.

On September 24, 2008, Ingram filed a *pro se* notice of appeal from

---

[1] Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, *et seq*. ("PCRA").

[2] Although the Pennsylvania Superior Court initially remanded the case to the PCRA court with instructions, when the record was subsequently returned to the appeals court the Superior Court affirmed the order denying the PCRA petition. *See Commonwealth of Pennsylvania v. Ingram*, No. 1724 MDA 2008 (Pa. Super. filed September 24, 2008); *see also* (Doc. 47) (Pennsylvania Superior Court Memorandum Opinion dated November 10, 2010).

the court's denial of PCRA relief and a *pro se* motion for change of
appointed counsel, wherein Ingram expressed his dissatisfaction with
Attorney Galante and requested that the court appoint him new
counsel.  By order dated October 6, 2008, the court directed Ingram to
file a concise statement of errors complained of on appeal pursuant to
Pennsylvania Rule of Appellate Procedure 1925(b).  The order did not
address Ingram's request for new counsel.  The order was sent to the
district attorney's office and Attorney Galante.  Attorney Galante,
however, never filed a Rule 1925(b) statement in response to the
court's order and never petitioned the court for leave to withdraw as
counsel.  On October 24, 2008, Ingram filed a *pro se* Rule 1925(b)
statement that consisted of 32 paragraphs.  By order dated April 6,
2009, the court filed its Rule 1925(a) opinion, which thoroughly
disposed of the issues presented.  On collateral appeal, Ingram, still
acting *pro se*, raises the following issues:

> 1.  Did pretrial and trial counsel render ineffective
>     assistance of counsel when they failed to challenge
>     the illegal arrest of [Ingram] and seek suppression
>     of all items seized as they were tainted fruits of
>     [Ingram's] illegal arrest; and was PCRA counsel
>     ineffective for failing to raise pretrial and trial
>     counsel's ineffectiveness with regard to this matter
>     during the course of the [Ingram's] PCRA
>     proceedings?

> 2.  Did pretrial and trial counsel render ineffective
>     assistance of counsel when they failed to move for
>     suppression of items seized after an illegal search
>     and seizure of the van in [Ingram's]; and was
>     PCRA counsel ineffective for failing to properly
>     raise and brief this issue during the course of
>     [Ingram's] PCRA proceedings?

> 3.  Did pretrial and trial counsel render ineffective
>     assistance of counsel when they failed to move for
>     suppression of the in-court identification made by
>     Commonwealth witnesses; and was PCRA counsel

3

ineffective for failing to raise and brief this issue
during the course of [Ingram's] PCRA
proceedings?

4.      Did trial counsel render ineffective assistance of
        counsel when he failed to object to or correct
        perjured testimony offered by a Commonwealth
        witness at trial and did the district attorney commit
        prosecutorial misconduct when he failed to correct
        perjured testimony and used said testimony to
        obtain a conviction against [Ingram]; and was
        PCRA counsel ineffective for failing to raise this
        issue during the course of [Ingram's] PCRA
        proceedings?

5.      Did trial counsel render ineffective assistance of
        counsel when he failed to cross-examine a
        Commonwealth witness as to pending criminal
        charges; and was PCRA counsel ineffective for
        failing to properly raise, brief and develop an
        adequate record pertaining to this issue?

6.      Did trial counsel render ineffective assistance of
        counsel when he failed to cross-examine two
        Commonwealth witnesses concerning their possible
        intoxication at the time these victims were shot; and
        was PCRA counsel ineffective for failing to
        properly raise, brief and develop this issue
        pertaining to trial counsel's ineffectiveness during
        the course of [Ingram's] PCRA proceedings?

7.      Did pretrial and trial counsel render ineffective
        assistance of counsel when they failed to challenge
        a violation of the Pennsylvania Rules of Criminal
        Procedure Rule 209(A); and was PCRA counsel
        ineffective for failing to properly raise, brief and
        develop an adequate record pertaining to this issue
        during the course of [Ingram's] PCRA

proceedings?

8.    Did post-trial counsel render ineffective assistance
      of counsel when he failed to object to the use of
      [Ingram's] prior New Jersey Adjudication for
      third[-]degree murder; and was PCRA counsel
      ineffective when he failed to raise post-trial
      counsel's ineffectiveness during the course of the
      conviction against [Ingram]; and was PCRA
      counsel ineffective for failing to raise this issue
      during the course of [Ingram's] PCRA
      proceedings?

Appellant's Brief, at 4-5.
...

In this case, after the court denied Ingram's first *pro se* PCRA petition,
Ingram filed a *pro se* notice of appeal and a *pro se* motion requesting
that Attorney Galante be removed as counsel and that new counsel be
appointed.  The PCRA court never addressed this request; rather, the
court directed Ingram to file a Rule 1925(b) statement.  The order was
sent to Attorney Galante, but Attorney Galante never filed a Rule
1925(b) statement or petitioned to withdraw pursuant to
*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and
*Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Accordingly, we are constrained to remand this case to the Honorable
Thomas F. Burke, President Judge of the Court of Common Pleas of
Luzerne County....

Upon remand, a new order directing the filing of a Rule 1925(b)
statement will be entered, so that Ingram will have the benefit of
counsel in framing his issues.  Indeed, this is the stage in the criminal
proceedings where it is apparent from the record that Attorney Galante
ended his representation of Ingram by failing to file [a] Rule 1925(b)
statement, doing so, however, without having properly petitioned to
withdraw as counsel.

Additionally, upon remand, the court should either direct Attorney Galante to resume his representation of Ingram or appoint new counsel. [*Commonwealth v. Quail*, 729 A.2d 571, 573 (Pa. Super. 1999)]. Should the former option be taken, Attorney Galante would have two options: (1) consult with Ingram and file a Rule 1925(b) statement and advocate's brief; or (2) petition the PCRA court, pursuant to *Turner/Finley*, for leave to withdraw as counsel prior to the filing of a Rule 1925(b) statement. The PCRA court would then have to determine whether to grant counsel's request and, if needed, appoint new counsel. [fn] If new issues are put forward by Attorney Galante or newly-appointed counsel, in the ensuing counseled Rule 1925(b) statement compared to the original *pro se* Rule 1925(b) statement, the PCRA court shall draft a supplemental opinion addressing such matter.

> [fn] Newly-appointed counsel, if necessary, would also be permitted to petition the PCRA court, pursuant to *Turner/Finley*, for leave to withdraw as counsel prior to the filing of a Rule 1925(b) statement. Moreover, Ingram may express his desire to waive his right to counsel and to proceed *pro se*, at which point an on-the-record colloquy must be held to assure the waiver is knowing, intelligent, and voluntary. *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998); *Commonwealth v. Robinson*, 970 A.2d 455 (Pa. Super. 2009) (*en banc*). If, after a proper *Grazier* hearing is conducted, the court determines that Ingram does not want counsel, the court may simply return this case, including the *Grazier* hearing transcript, to this Court within 15-days of the order granting Ingram *pro se* status.

(Doc. 47, pp. 2-8) (Pennsylvania Superior Court Memorandum Opinion dated November 10, 2010) (some footnotes omitted).

On remand, the PCRA court held a full *Grazier* hearing on December 30, 2010, wherein Ingram waived his right to counsel regarding his appellate rights.

*Commonwealth of Pennsylvania v. Ingram*, No. CP-40-CR-0002633-2006 (Luzerne

County Court of Common Pleas filed June 15, 2006); (Doc. 49, p. 155).  The PCRA

court therefore issued an order on December 30, 2010, granting Ingram *pro se*

status and granting Attorney Galante's motion to withdraw as counsel.  (Doc. 49,

pp. 154-55).  The record was returned to the Superior Court on January 13, 2011,

with supplemental filings.  *Ingram*, No. CP-40-CR-0002633-2006.

On March 1, 2011, the Superior Court issued a *per curiam* Order affirming

the trial court's order denying the PCRA petition.  *See Commonwealth of*

*Pennsylvania v. Ingram*, 26 A.3d 1174 (Table) (Pa. Super. 2011).

On June 7, 2011, Ingram filed a *pro se* petition for allowance of appeal in the

Pennsylvania Supreme Court.  *See Commonwealth of Pennsylvania v. Ingram*, No.

450 MAL 2011 (Pa. filed June 7, 2011).  On November 29, 2011, the Pennsylvania

Supreme Court issued a *per curiam* denial of that petition without elaboration.  *See*

*Commonwealth of Pennsylvania v. Ingram*, 613 Pa. 661, 34 A.3d 827 (Table) (Pa.

2011).

In September, 2012, Ingram filed the instant petition for writ of habeas

corpus.  (Doc. 1).  In the petition, Ingram raises the following grounds for relief:

1.      Trial counsel was ineffective for not challenging his arrest and
        seeking the suppression of evidence that was obtained as a result
        of the arrest.

7

2.    Trial counsel was ineffective for failing to pursue the suppression of evidence based on the search of a van.

3.    Trial counsel was ineffective for failing to seek suppression of in-court and out-of-court identifications of him made by witnesses during trial.

4.    Trial counsel was ineffective for failing to object to perjured testimony of Commonwealth witness Letticia Lopez.

5.    Trial counsel was ineffective for failing to cross-examine Commonwealth witness, Letticia Lopez, regarding pending criminal charges.

6.    Trial counsel was ineffective for failing to cross-examine two (2) victims/witnesses regarding their intoxication at the time they were shot.

7.    Post trial counsel was ineffective at sentencing for failing to object to the Court's inclusion of his New Jersey adjudication for third degree murder.

(Doc. 1, pp. 5-6).

In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and

*Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), formal notice was issued to Ingram

that he could either have the petition ruled on as filed, that is, as a § 2254 petition

for writ of habeas corpus and heard as such, but lose his ability to file a second or

successive petition, absent certification by the court of appeals, or withdraw his

petition and file one all-inclusive § 2254 petition within the one-year statutory

period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA").

(Doc. 4).  On October 1, 2012, Ingram returned the notice of election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed.   (Doc. 5).

On December 3, 2012, Respondents filed a response to the habeas petition and, on January 17, 2013, Ingram filed a traverse.  (Docs. 11, 14).  Respondents thereafter filed a supplemental response on January 29, 2014.  (Doc. 28).

The petition is now ripe for disposition and, for the reasons set forth below, will be denied.

## II.    DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle*, 502 U.S. at 67-68 (1991); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Johnson v. Rosemeyer*, 117 F.3d 104 (3d Cir. 1997).

*A.     Exhaustion/ Procedural Default*

A district court may only grant a habeas petition if the petitioner has exhausted all available state remedies as to each federal claim raised in the petition. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004). Exhaustion requires the petitioner "to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... by invoking one complete round of the state's established appellate review process," including petitioning for discretionary appeal. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-845 (1999); *Slutzker*, 393 F.3d at 380 (citing *Doctor v. Walters*, 96 F.3d 675, 681 (3d Cir. 1996)). The burden is on the petitioner to establish that all available state remedies have been exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005).

Exhaustion is excused for futility if "there is an absence of available State corrective process," for example when an appeal or petition for review would be procedurally barred as untimely, or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Slutzker*, 393 F.3d at 380 (citing *Doctor*, 96 F.3d at 681). However, if exhaustion is futile because the petitioner failed to satisfy a state procedural requirement, then the petitioner has procedurally defaulted and the exhaustion requirement is not excused.

*Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81.  An unexhausted claim which may no longer be raised in the state courts because of a procedural bar, such as a prior waiver of the claim or the failure to raise the claim in a timely petition, is considered to have been defaulted.  *Lambert v. Blackwell*, 134 F.3d 506, 518 (3d Cir. 1997).  Federal courts may not entertain habeas petitions where the petitioner has procedurally defaulted because the procedural default "rests on independent and adequate state procedural grounds."  *Coleman*, 501 U.S. at 729-30; *Slutzker*, 393 F.3d at 380-81.

Procedural default may be excused when the petitioner can prove both "cause" for the default and "actual prejudice" that resulted from the failure of the state court to hear the claim.  *Coleman*, 501 U.S. at 749-50; *Slutzker*, 393 F.3d at 380-81.  To establish "cause," a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule[s]."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Actual prejudice requires a petitioner to establish that an error caused him "actual and substantial disadvantage."  *Murray*, 477 U.S. at 494 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, — U.S.—, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the United States Supreme Court created a narrow exception to the rule in *Coleman*.

11

The Court in *Martinez* held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. *See also Cox v. Horn*, 757 F.3d 113, 119 (3d Cir. 2014).

Ingram attempts to rely on the holding in *Martinez* to overcome any procedural default of his claims. Specifically, he claims ineffective assistance of PCRA counsel as cause to excuse default of his claims of ineffective assistance of trial counsel. (Doc. 1, pp. 7-9; Doc. 14, p. 11). However, Ingram's reliance on *Martinez* is misplaced. The ineffective assistance of trial counsel claims presently at issue were in fact raised in the PCRA petition, considered by the state courts, and rejected. *See, e.g.*, *Shirey v. Giroux*, 2014 WL 5825309, *7 (M.D. Pa. 2014) (emphasis added) ("The [*Martinez*] finding was limited to situations where PCRA counsel *failed to raise* issues of ineffective assistance by trial counsel and thereby procedurally defaulted the claim for purposes of federal habeas corpus review"); *Brown v. Kerestes*, 2013 WL 444672, *4 n.4 (E.D. Pa. 2013) (noting that "*Martinez* is [] inapposite here because Brown in fact raised one of the claims on which he relies - ineffective assistance of appellate counsel - during his PCRA proceeding").

12

Thus, *Martinez* is inapplicable because Ingram was not denied an opportunity to raise his ineffective assistance claims.

Moreover, Ingram does not qualify for the *Martinez* exception because he has not demonstrated that his underlying ineffective assistance of counsel claims are "substantial." *Martinez*, 132 S.Ct. 1309. To "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, ... the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S.Ct. at 1318-19 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)). An insubstantial ineffective assistance claim "does not have any merit or ... is wholly without factual support." *Id.* at 1319. For the reasons set forth herein, the Court concludes that Petitioner has not shown that his ineffective assistance claims amount to "substantial claim[s]" sufficient to overcome the procedural bar under *Martinez*.

Thus, default is not excused.

**B.      *Merits***

"The Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA') modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Specifically, when a federal-law issue has been adjudicated on the merits

by a state court, the federal court reverses only when the decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).[3]  *See generally*, *Knowles v. Mirzayance*, 556 U.S. 111, 120-21 (2009); *Gattis v. Snyder*, 278 F.3d 222, 234 (3d Cir. 2002); *Moore v. Morton*, 255 F.3d 95, 104-05 (3d Cir. 2001).  The Supreme Court has held that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meaning.  *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000).  As explained in *Bell*:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our

---

[3]  Specifically, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

14

decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable....

*Bell*, 535 U.S. at 694 (citations omitted).

In a recent decision, *Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 176 L.Ed.2d 678 (2010), the United States Supreme Court, quoting *Williams*, explained that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id.* at 773. Therefore, a federal court may not grant habeas relief simply because it has concluded in its independent judgment that the state court decision applied clearly established federal law erroneously or incorrectly.[4] *Id.* Rather, the state court application must be objectively unreasonable. *Renico* added that this distinction creates a substantially higher threshold for obtaining relief under § 2254 and imposes a highly deferential standard for evaluating state court decisions. Simply put, "state-court decisions [must] be given the benefit of the doubt." *Id.* (quoting *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. §

---

[4] "Whether the trial judge was right or wrong is not the pertinent question under AEDPA." *Renico*, 559 U.S. at 778 n. 3.

2254(d) if the state court decision finally resolves the claim on the basis of its

substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570

F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even

"when a state court's order is unaccompanied by an opinion explaining the reasons

relief has been denied"; as explained by the Supreme Court, "it may be presumed

that the state court adjudicated the claim on the merits in the absence of any

indication or state-law procedural principles to the contrary." *Harrington v.*

*Richter*, 562 U.S. 86, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011).

Finally, when reviewing a habeas claim, a federal court must presume that the

state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1).

This presumption of correctness applies to both explicit and implicit findings of

fact, and is only rebutted by clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 341 (stating that the clear and

convincing standard in § 2254(e)(1) applies to factual issues, whereas the

unreasonable application standard of § 2254(d)(2) applies to factual decisions);

*Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).


### 1.    Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 688 (1984), the United States

Supreme Court held that to prove a constitutional violation for ineffective assistance of counsel, a habeas petitioner must meet a two-pronged test.  The petitioner must show "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense."  *Id.* at 687; *Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994).

To demonstrate deficient performance, a petitioner must show that "counsel's performance fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 688; *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001).  A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *Jermyn*, 266 F.3d at 282; *Berryman v. Morton*, 100 F.3d 1089, 1094 (3d Cir. 1996).  If, under the circumstances, counsel's actions might be considered sound trial strategy, the presumption is not rebutted, *Strickland*, 466 U.S. at 689, because "substantial deference is to be accorded counsel's tactical decisions."  *United States v. Wiener*, 127 F. Supp. 2d 645, 648 (M.D. Pa. 2001).  A decision supported by "reasonable professional judgment" does not constitute ineffective assistance of counsel. *Burger v. Kemp*, 483 U.S. 776, 794 (1987).  Further, counsel cannot be deemed ineffective for not pursuing a meritless claim.  *Hartey v. Vaughn*, 186 F.3d 367, 372 (3d Cir. 1999).

A petitioner satisfies the second prong and shows prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Frey v. Fulcomer*, 974 F.2d 348, 358 (3d Cir. 1992).  "Without proof of both deficient performance and prejudice to the defense ... it could not be said that the sentence or conviction resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable, and the sentence or conviction should stand." *Bell*, 535 U.S. at 695 (internal quotations and citation omitted).  In assessing whether the result of the proceeding might have been different, a reviewing court must consider the "totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *Jermyn*, 266 F.3d at 283.  However, "a court can choose to address the prejudice prong before the ineffectiveness prong and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced." *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

At the time the state court reviewed the claims raised by Ingram, *Strickland's* familiar two-pronged test was the "clearly established federal law" applicable to ineffective assistance of counsel claims.  Under Pennsylvania state jurisprudence, a three-prong test is applied to ineffective assistance of counsel claims, but is, in

substance, identical to the *Strickland* test.[5]  *See Commonwealth v. Pierce*, 515 Pa.

153, 527 A.2d 973, 975-77 (Pa. 1987).  The Third Circuit Court of Appeals has held

that Pennsylvania's test for assessing ineffective assistance of counsel claims is not

contrary to *Strickland.  Jacobs v. Horn*, 395 F.3d 92, 107 n. 9 (3d Cir. 2005); *Werts*

---

[5]  In the instant action, the state court reviewed Ingram's ineffective assistance of counsel claims in accordance with *Strickland*, as follows:

> In evaluating claims of ineffective assistance of counsel a reviewing court presumes that counsel is effective.  To overcome this presumption, a petitioner must establish three factors.  First, that the underlying claim has arguable merit. Second, that counsel had no reasonable basis for his action or inaction.  In determining whether counsel's action was reasonable, a reviewing court does not question whether there were other more logical courses of action which counsel could have pursued; rather, a court must examine whether counsel's decisions had a reasonable basis.  Thirdly, a petitioner must establish that he has been prejudiced by counsel's ineffectiveness.  In this regard, he must demonstrate that but for the act or omission in question the outcome of the proceedings would have been different.  A claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet any of these prongs.  In order to properly raise and prevail on a layered ineffectiveness claim, a petitioner must plead, present and prove the ineffectiveness of appellate counsel and must present argument as to each layer of ineffectiveness, on all three prongs of the ineffectiveness standard.

> Examining multiple ineffective assistance claims in an additional case, the Pennsylvania Supreme Court, quoting *Strickland v. Washington*, 104 S.Ct. 2052 (1984), indicated judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight.  *Commonwealth v. Saranchak*, 866 A.2d 292, 304 (2005).  The *Saranchak* Court concluded if counsel's actions were strategically reasonable given the information he had available for him, or stated alternately from his perspective at the time, no ineffectiveness can be found.

> Since several of the issues raised by appellant are conceptually connected and further because this Petitioner has been represented by *five* separate lawyers, we will review the evidence, or lack thereof, produced during the PCRA hearing.

(Doc. 28-8, pp. 3-4) (PCRA Court Opinion).

19

*v. Vaughn*, 228 F.2d 178, 204 (3d Cir. 2000).  Thus, under § 2254(d)(1), the relevant inquiry in addressing an ineffectiveness claim that has been adjudicated on the merits is whether the Pennsylvania court's decision involved an unreasonable application of *Strickland*.  *Jacobs*, 395 F.3d at 107 n .9; *Werts*, 228 F.3d at 204.

Ingram advances no argument that the state court decision is contrary to existing United States Supreme Court precedent.  In this regard, Ingram does not maintain that the ineffective assistance test applied by the state court is inconsistent with the test established in *Strickland* and developed in its progeny.  Therefore, each asserted instance of ineffective assistance will be considered against this standard.

> a.   *Claim One*

Ingram first claims that "trial counsel provided ineffective assistance of counsel when the Petitioner was illegally arrested without a warrant or probable cause in violation of P.R.Crim.P. 540(D) and trial counsel failed to seek suppression of evidence seized/obtained as a result of his illegal arrest an[d] used against him at trial."  (Doc. 1, p. 5).

The PCRA court opinion, which was ultimately affirmed by the Pennsylvania Superior Court, stated as follows:

> Petitioner's ineffectiveness claim regarding Counsel's failure to
> challenge entrance into his mother's residence and subsequent arrest

are nothing more than an assertion that the law enforcement officers who in fact testified during the suppression hearing lied. Not only has Petitioner failed to establish this, he has miserably failed to demonstrate Counsel's ineffectiveness for not filing a motion in this regard. Where an ineffectiveness claim is based on the failure of Counsel to move for suppression of evidence, the Petitioner must establish that there was no reasonable basis for not pursuing the suppression claim and that if the evidence had been suppressed, there is a reasonable probability that the verdict would have been more favorable. *Commonwealth v. Arch*, 654 A.2d 1141, 1143 (Pa. Super. 1995). In considering this issue we have again reviewed the April 30, 2007 suppression hearing conducted prior to Defendant's trial. We invite any reader of this opinion to do the same as the Court's eleven findings of fact and five conclusions of law outlined at pages 32-35 clearly establish probable cause to believe not only that the Defendant was the shooter but that he was operating a tan Ford Aerostar van which then left the scene. Law enforcement also learned an address at which the suspect apparently lived and after proceeding there[,] were permitted access to the residence. After encountering the Defendant he voluntarily accompanied the officers to the Larksville Police Department where he was advised of his *Miranda* warnings and declined to speak with the investigators. Given that law enforcement possessed sufficient probable cause to effectuate Defendant's arrest he was taken into custody and a search incident to that arrest produced the keys to the aforementioned van.

In our judgment Defendant's prior counsel vigorously but unsuccessfully argued Mr. Ingram's position at the suppression hearing. The present claim that they were ineffective for failing to present the testimony of his mother lacks arguable merit.

(Doc. 28-8, pp. 18-19) (PCRA Court Opinion).

In this instance, it is evident from the record that there was probable cause to believe that Ingram was the shooter and probable cause existed to arrest Ingram at his mother's home.

At the PCRA hearing, trial counsel testified that he did not file a suppression motion in this regard because the claim lacked merit. (Doc. 49, p. 135, PCRA Hearing, N.T. pp. 81-82). Specifically, trial counsel testified that law enforcement had probable cause to enter the residence, consisting of eyewitnesses and a statement from the victim identifying Ingram as the shooter. (*Id.*). The PCRA court determined that because there was no merit to Ingram's argument challenging his arrest and the evidence obtained pursuant to his arrest, counsel cannot be deemed ineffective for failing to request the suppression of such evidence. This demonstrates that the state court utilized the correct governing principles and reasonably applied them to Ingram's case. It is well settled that counsel cannot be held ineffective for failing to raise baseless issues. *See United States v. Saunders*, 165 F.3d 248, 253 (3d Cir. 1999); *Commonwealth v. Wilkerson*, 416 A.2d 477, 479 (Pa. 1980). Accordingly, after careful review, this Court finds that Ingram is not entitled to relief on this claim.

> b.      *Claim Two*

Ingram next states that "trial counsel provided ineffective assistance of counsel when a vehicle in the Petitioner's possession was illegally seized without a warrant accompanied by exigent circumstances and subsequently searched. The search of the van was tainted by the initial illegal seizure and trial counsel failed to

seek suppression of evidence illegally seized as a result of the illegal seizure/search

of the van and used against the Petitioner at trial." (Doc. 1, pp. 5-6).

In addressing this claim, the state court found the following:

> Appellant's fifth allegation of error concerns Trial Counsel's alleged
> ineffectiveness "for not challenging the seizure of the Defendant's
> car." Not only did the Appellant fail to present any testimony in this
> context, our review of the trial transcript suggests the only relevant
> vehicle referenced was that of Mr. Ingram's girlfriend which he was
> operating when the shooting occurred and it is neither our obligation or
> prerogative to construct arguments on Petitioner's behalf.

(Doc. 28-8, pp. 19-20) (PCRA Court Opinion) (footnote omitted).

Pursuant to Pennsylvania law, arguments that are undeveloped and lack

citation to relevant authority are waived. *See Commonwealth v. Clayton*, 816 A.2d

217, 221 (Pa. 2002) ("[I]t is a well settled principle of appellate jurisprudence that

undeveloped claims are waived and unreviewable on appeal"); *Commonwealth v.*

*Bracey*, 795 A.2d 935, 940 n.4 (Pa. 2001) (in the context of the PCRA, "an

undeveloped argument, which fails to meaningfully discuss and apply the standard

governing the review of ineffectiveness claims, simply does not satisfy Appellant's

burden of establishing that he is entitled to any relief"). Upon review of the state

court documents, this claim was waived under state law and, as a result, is

procedurally defaulted in this forum. *See Lambert*, 134 F.3d 506 (an unexhausted

claim which may no longer be raised in the state courts because of a procedural bar,

such as a prior waiver of the claim, is considered to have been defaulted).

"When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'"  28 U.S.C. § 2254(b); *see also*, *Werts v. Vaughn*, 228 F.2d 178, 192 (3d Cir. 2000).  It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused.  *Lines v. Larkins*, 208 F.3d 153, 163 (3d Cir. 2000), *cert. denied*, 531 U.S. 1082 (2001).  "In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991)."  *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *see also Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001).

In view of the passage of time since Ingram's conviction became final, it does not appear as though he could pursue any state court remedies at this time.  *See Lines*, 208 F.3d at 163.  That is, any relief that may have been available to him under the PCRA is now foreclosed by its one-year statute of limitations, and Ingram's claim does not satisfy any of the three § 9545 exceptions.  *See* 42

Pa.C.S.A. § 9545.[6]  Consequently, Ingram has procedurally defaulted this claim and

the Court may not consider the merits of the claim unless Ingram establishes "cause

and prejudice" or a "fundamental miscarriage of justice" to excuse his default.  *See*

*Coleman*, 501 U.S. 722.  As stated *supra*, pages 11-13, Ingram has not established

cause for the default of his claims.  *See Coleman*, 501 U.S. at 750.  Nor has he

demonstrated his actual innocence such that a lack of review by the court will

constitute a fundamental miscarriage of justice.  Thus, Ingram has procedurally

defaulted this claim and federal review is unavailable.  *See Coleman*, 501 U.S. at

---

[6]  Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

  (1)     [W]ithin one year of the date the judgment becomes final, unless the petition
          alleges and the petitioner proves that:

    (i)      the failure to raise the claim previously was the
             result of interference by government officials with
             the presentation of the claim in violation of the
             Constitution or laws of this Commonwealth or the
             Constitution or laws of the United States;

    (ii)     the facts upon which the claim is predicated were
             unknown to the petitioner and could not have been
             ascertained by the exercise of due diligence; or

    (iii)    the right asserted is a constitutional right that was
             recognized by the Supreme Court of the United
             States or the Supreme Court of Pennsylvania after
             the time provided in this section and has been held
             by that court to apply retroactively.

  (2)     Any petition invoking an exception provided in paragraph (1) shall be filed
          within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b).

750.

### c.     Claim Three

Ingram next claims that "trial counsel provided ineffective assistance of counsel when he failed to seek suppression of the suggestive in-court an[d] out-of-court identifications of the Petitioner by the Commonwealth witnesses." (Doc. 1, p. 6).

The state court addressed the identification of Ingram as follows:

> Appellant's contention that Trial Counsel was ineffective "for not challenging out of court and in court identification of him" is absolutely meritless.  The hearing transcript reflects Attorney Singer did in fact cross examine the Commonwealth witnesses at the preliminary hearing.  Additionally, and of greater importance was Mr. O'Donnell's consistent and vigorous attack of the Commonwealth witnesses and their ability to see and recall the events in question as well as the exploration of alleged biases they may possess.  Mr. O'Donnell posited pointed and repeated questions of each and every Commonwealth witness who observed the shooting.  This theme was carried through Mr. O'Donnell's closing which can be reviewed at pages 351 through 363 of the trial transcript.  Additionally, Counsels' explanation as to why none of them pursued a pretrial challenge to the Defendant's identification rebuts any suggestion they were ineffective in this regard.

(Doc. 28-8, p. 20) (PCRA Court Opinion) (footnotes omitted).

Trial counsel questioned the Commonwealth witnesses regarding their ability to see and identify the shooter, and counsel attempted to show that none of the witnesses could in fact accurately identify the shooter.  Trial counsel also

presumably had a reasonable basis for not conducting in-person lineups to challenge the identification.[7]  Upon review, the state court reasonably determined that trial counsel cross-examined witnesses regarding their ability to identify the shooter and recall events regarding the shooting.  The Court finds that counsel's decision was reasonable and his decision not to pursue a certain line of questioning is considered sound trial strategy and is entitled to great deference.  *See Strickland*, 466 U.S. at 689.  Accordingly, this claim shall be denied.

### d.    Claim Four

Ingram claims that "trial counsel provided ineffective assistance of counsel when he failed to object to and correct purjered [sic] testimony offered at trial by the Commonwealth's witness Letticia Lopez.  The district attorney committed prosecutorial misconduct when they failed to correct perjured testimony offered by one of their witnesses."  (Doc. 1, p. 6).

The state court addressed this claim as follows:

---

[7]  Upon questioning at the PCRA hearing, trial counsel stated:

I thought that the lineup would be a horrible idea.  You had the five people saying that they could positively identify [Ingram] and the two people that described someone that looked like him.  Well, if I got a lineup then all of a sudden the last two people could positively identify him, then I have seven people who can positively identify him.  I don't want that.

(Doc. 49, p. 137, PCRA Hearing, N.T. p. 89).

We next consider Appellant's claim that Trial Counsel was ineffective for not challenging "fabricated" evidence. The record is devoid of any credible evidence suggesting or establishing that the Commonwealth fabricated evidence. Petitioner's musings or rambling in this context is not a substitute for proof. This record is replete with references establishing Appellant's refusing and unwillingness to follow or consider Counsel's advice. Lawyers are not trained primates who upon being fed a peanut spring forward and perform whatever dance is directed by their client. We also note that Appellant's allegations regarding perjured or contrived evidence fail to present a cognizable claim for post conviction review. To be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one of the errors listed in 42 Pa.C.S.A. § 9543(a)(2)(i-viii). *Commonwealth v. Jones*, 912 A.2d 268, 276 (Pa. 2006).

(Doc. 28-8, pp. 20-21) (PCRA Court Opinion).

The state court considered Ingram's argument that trial counsel failed to object the alleged perjured testimony, found no merit to the claim, and found that the record is simply devoid of any evidence that the prosecution presented perjured testimony. Additionally, upon review of the trial transcript, trial counsel diligently attacked Letticia Lopez's credibility through the use of prior inconsistent statements, presumably in an attempt to convey any instances of perjury. (Doc. 49, pp. 33-35, Trial Transcript, N.T. pp. 109-114).

In reviewing a state court conviction, a federal habeas court must presume any factual findings made by the state courts to be correct. 28 U.S.C. § 2254(e)(1). This presumption is particularly important when reviewing the trial court's

assessment of witness credibility. *Cotto v. Herbert*, 331 F.3d 217, 233 (2d Cir.

2003); *Sanna v. Dipaolo*, 265 F.3d 1, 10 (1st Cir. 2001). On habeas review, the

petitioner has the burden of "rebutting the presumption of correctness by clear and

convincing evidence." 28 U.S.C. § 2254(e)(1). Ingram has failed to overcome the

presumption of correctness accorded to the factual findings made by the

Pennsylvania state court.

There is no evidence that the prosecution used false or perjured testimony,

thus trial counsel cannot be found ineffective for failing to object to such testimony.

Moreover, any alleged inconsistencies in the witnesses' testimony was heard by the

jury and, yet, the jury decided to convict Ingram on all charges. *See Bowen v.

Snyder*, 1999 WL 1011972, at *7 (D. Del. 1999) (citing *Jackson v. Virginia*, 443

U.S. 307, 326, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (on habeas review, the court

must defer to the jury's resolution of conflicts in the evidence)). This Court finds

that the state court's decision that trial counsel could not be found ineffective for

failing to pursue a meritless claim was based on a reasonable determination of the

facts in light of the evidence presented. *Hartey*, 186 F.3d at 372. Thus, the Court

finds no merit to this claim and it will be denied.

> e.     *Claim Five*

Ingram states that "trial counsel provided ineffective assistance of counsel

when he failed to cross examine an[d] impeach the Commonwealth's witness,

Letticia Lopez, with evidence of criminal charges she had pending during the

course of the Petitioner's criminal proceedings." (Doc. 1, p. 6).

The state court addressed this claim as follows:

> We next consider Appellant's tenth allegation of error suggesting Trial
> Counsel was ineffective for failing to cross examine Letticia Lopez
> regarding pending criminal charges.  Attorney O'Donnell's above
> referenced strategic explanation in this regard is satisfactory.  While
> another lawyer may have pursued a different course, equally or
> perhaps arguably more logical, this does not establish ineffective
> assistance.  Rather, we find Counsel's decision had a reasonable basis.
> Additionally, Petitioner has established no prejudice, even assuming
> Counsel's ineffectiveness.  Appellant has not demonstrated that but for
> Mr. O'Donnell's alleged failure the outcome of the proceedings would
> have been different.  Indeed it would unduly prolong this opinion to
> review the Commonwealth's trial testimony, however, we concur with
> Attorney Corcoran's description of the Commonwealth's evidence as
> "crushing."  The jury's verdict in this case may be explained as
> nothing more than a referendum on credibility.  In thirty-four minutes
> the jury accepted the credibility of the Commonwealth's witnesses and
> rejected the testimony of Mr. Ingram's alibi witnesses.

(Doc. 28-8, pp. 21-22) (PCRA Court Opinion) (footnote omitted).

Given the foregoing facts of record, the state court reasonably determined

that trial counsel had a reasonable basis for not cross-examining Letticia Lopez

regarding her pending criminal charges.  At the PCRA hearing, trial counsel

testified that he pursued a theory that Letticia Lopez had a motive to fabricate a

story implicating Ingram in the shooting.  (Doc. 49, pp. 136-37, PCRA Hearing,

N.T. pp. 86-88).  Counsel testified that putting forth a different, conflicting theory would hurt the case, and would have disrupted his strategy.  (*Id.*).

Consequently, it cannot be found that counsel's decision was so unreasonable that no competent counsel would have chosen it.  *See Bond v. Beard*, 539 F.3d 256, 285 (3d Cir. 2008) (explaining that counsel's performance is measured against the standard of "reasonably effective assistance" as defined by "prevailing professional norms").  Because Ingram cannot demonstrate prejudice as a result of counsel's inaction, that is, that the outcome of his case would have been different as a result of counsel's failure to cross-examine this witness about criminal charges against her, this ineffective assistance of counsel claim fails.  *See Strickland*, 466 U.S. at 697 (holding that an ineffective assistance claim will be dismissed if the petitioner makes an insufficient showing under either the performance or prejudice prongs); *McAleese v. Mazurkiewicz*, 1 F.3d 159, 170-71 (3d Cir. 1993) (determining that the court is not required to address the issue of counsel's performance if it determines that no prejudice resulted from counsel's conduct).  Further, counsel's decision not to pursue a certain line of questioning on cross-examination should "be considered sound trial strategy," *Strickland*, 466 U.S. at 689, and is entitled to great deference.  Thus, Ingram is not entitled to relief on this claim and it shall be denied.

f.      *Claim Six*

31

Ingram claims that "trial counsel provided ineffective assistance of counsel when he failed to cross examine the victims/witnesses, Joshua Lopez and Gregory Spears, at trial concerning their intoxication at the time they were shot." (Doc. 1, p. 6).

A review of the record for the presentation of this claim to the state courts reveals that the first mention is in Ingram's 1925(b) statement of matters complained of on appeal. (Doc. 28-6, ¶¶ 130-136). This issue was not raised before trial, at trial, or on direct appeal. Moreover, this issue was not presented in the initial state post-conviction proceedings, rather it was presented to the Pennsylvania Superior Court on appeal from the denial of PCRA relief. This claim was therefore waived under state law and, as a result, is procedurally defaulted in this forum. *See Lambert*, 134 F.3d 506.

As previously discussed, it does not appear that Ingram could pursue any state court remedies at this time in light of the PCRA's one-year statute of limitations, and his failure to satisfy any of the three § 9545 exceptions. *See* 42 Pa.C.S.A. § 9545. Ingram has procedurally defaulted this claim and the Court may not consider the merits of the claim unless Ingram establishes cause and prejudice or a fundamental miscarriage of justice to excuse his default. *See Coleman*, 501 U.S. 722. Ingram has not established cause for the default of this claim.

Specifically, *Martinez* does not apply to excuse this default because it did not occur

during an initial-review collateral proceeding.  A 1925(b) statement is provided

only as part of the appeal process following the initial-review collateral proceeding

under the PCRA and, therefore is explicitly outside the ambit of *Martinez*.

Pa.R.A.P.1925(b); *Martinez*, 132 S.Ct. at 1318; *Lenhart v. Rozum*, 2014 WL

807995, at *15 (W.D. Pa. 2014) ("*Martinez* only applies to claims of PCRA

counsel's actions or inactions at the PCRA trial court level, not at the PCRA

appellate level.")

        In addition to his failure to establish cause for the default of this claim,

Ingram has not demonstrated his actual innocence such that a lack of review by the

Court will constitute a fundamental miscarriage of justice.  Accordingly, Ingram is

not entitled to relief on this claim.

               g.      *Claim Seven*

        Finally, Ingram claims that "post trial counsel provided ineffective assistance

of counsel when he failed to object to and seek the exclusion of the Petitioner's

New Jersey adjudication for third degree murder which increased the Petitioner's

sentence/prior record score."  (Doc. 1, p. 6).

        On direct appeal, the Pennsylvania Superior Court reviewed and rejected the

arguments advanced concerning Ingram's sentence, and affirmed the judgment of

sentence.  *See Commonwealth of Pennsylvania v. Ingram*, No. 1155 MDA 2007

(Pa. Super. filed February 20, 2008).  In affirming the judgment of sentence, the

Superior Court stated as follows:

> Appellant does not presently challenge the verdict of the jury, but
> merely the aggregate sentence imposed by the trial court.  However,
> his argument in support of his appeal is perfunctory at best, consisting
> of but two paragraphs, and relying in part on authority that has since
> been reversed by the Pennsylvania Supreme Court.  *Commonwealth v.
> Dodge*, 859 A.2d 771 (Pa. Super. 2004), *reversed*, ___ Pa. ___, 935
> A.2d 1290 (2007).  Moreover, it bears emphasis that, as related to the
> two aggravated assault convictions, the sentences imposed were "the
> mandatory minimums within the standard guidelines," a
> characterization not disputed by the appellant.  While the sentence on
> the remaining count - firearm not to be carried without a license - was
> in the aggravated range of the sentencing guidelines, the rationale in
> support of that sentence was well founded in light of appellant's
> criminal history, which included a conviction for homicide of third
> degree.  *See:* N.T., June 11, 2007, pp. 19-23.  Consequently, there is no
> basis upon which to overturn the sentence imposed by the
> distinguished Judge Peter Paul Olszewski, Jr., since the terms of the
> sentence clearly rested within the discretionary powers afforded to the
> trial court.  *See generally: Commonwealth v. Walls*, 592 Pa. 557, 926
> A.2d 957 (2007).

(Doc. 28-4, pp. 1-2) (Pennsylvania Superior Court Opinion on direct appeal, dated

February 20, 2008).

The PCRA court subsequently addressed Ingram's claim that counsel was

ineffective in his representation during the sentencing hearing as follows:

> Appellant's fifteenth allegation of error suggest[s] that Counsel was
> ineffective for failing to challenge Appellant's New Jersey murder
> conviction in the context of sentencing.  To describe this allegation as

34

> undeveloped is an understatement.  Not only does Appellant fail to
> reference any applicable law either in this Commonwealth or the State
> of New Jersey precluding the conviction - it's [sic] accuracy is not
> contested.

(Doc. 28-8, p. 22) (PCRA Court Opinion).  It was within the trial court's discretion

to sentence Ingram within the standard and aggregate ranges as specified in the

Pennsylvania sentencing guidelines and counsel had no basis to object to the

sentence based on Ingram's criminal history.[8]  *See* 42 Pa.C.S.A. §§ 9721(a), (b).

Ingram has provided no authority in support of this claim, i.e., he has not

advanced any legal argument, or cited any statute or caselaw regarding this claim.

*See* (Doc. 1).  Moreover, pursuant to Pennsylvania law, a sentencing court may

consider an out-of-state conviction or juvenile adjudication in determining an

offender's prior record score.  *See Commonwealth v. Bolden*, 532 A.2d 1172, 1176

(Pa. Super. 1987); 204 Pa. Code § 303.7(d).

---

[8]  At sentencing, the trial court judge elaborated on the sentencing range as follows:

> I want the record to reflect that these sentences were based -- that the sentences
> on the aggravated assaults were the mandatory minimums within the standard
> guidelines.  The sentence on firearms not to be carried without a license was in
> the aggregated range.  I want the record to also reflect that the following reasons
> are set forth for the sentencing.  Number one, I've read the PSI.  Number two,
> I've read the guidelines.  Number three, I find that the defendant fired multiple
> shots at multiple victims.  This wasn't a single act.  Additionally, the Court finds
> that this defendant has absolutely zero remorse for his crimes and has taken
> absolutely zero responsibility for these crimes.

(Doc. 28-3, Sentencing Transcript dated June 11, 2007, N.T. pp. 23-24).

Consistent with *Strickland*, it was adequately demonstrated that counsel was not deficient in his representation during sentencing. Counsel made no "errors so serious" so as to cease functioning as adequate counsel under *Strickland*. The state court's analysis is cogent and entirely consistent with federal standards. Accordingly, Ingram is not entitled to relief on this claim.

C.    *Certificate of Appealability*

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, a certificate of appealability will not issue.

### III.   CONCLUSION

The Court concludes that the state courts' decisions in this case were reasonable both in their application of the law and in their determination of factual issues.  Thus, the petition for writ of habeas corpus will be denied in its entirety. For the reasons discussed above, the Court also finds that Ingram has not "made a substantial showing of the denial of a constitutional right," and will not issue a certificate of appealability.  28 U.S.C. § 2253(c)(2).

A separate Order follows.